UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>           Plaintiff,<br>     v.<br>GILBERT JAIMEZ,<br>           Defendant. | Case No. 12-cv-02170 NC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 13 |

This is an action by the United States against Gilbert Jaimez for defaulting on a student loan disbursed by the Department of Education. The United States filed a motion for summary judgment seeking enforcement of the loan. Though Jaimez answered the government's complaint, he has not submitted any evidence in opposition to this motion. For the reasons set forth below, the Court GRANTS the government's motion for summary judgment.

## I. BACKGROUND

The United States filed a complaint alleging that Jaimez owes the government $5,581.51, plus additional interest under a promissory note for a direct consolidation loan from the Department of Education. Dkt. No. 1 at 2-3. On April 16, 2012, shortly before this case was filed, Jaimez sent a letter to the government stating that he was disputing the debt and requested related information. Dkt. No. 9 at 1. On April 27, 2012, the government

responded to the request, providing Jaimez with a copy of the promissory note executed by Jaimez, and related documentation. *Id.* at 2-3. On May 18, 2012, Jaimez, proceeding pro se, answered the complaint stating that he did not have enough information to form a belief as to the government's allegations of indebtedness. Dkt. Nos. 1 at 2; 3 at 2. As an affirmative defense, Jaimez asserted that he qualified for a discharge of his student loan because he never received a diploma and because the school he attended falsely represented that he could qualify as a private investigator upon graduation. Dkt. No. 3 at 4.

On November 26, 2012, the United States filed and served on Jaimez a motion for summary judgment seeking to recover $5,581.51 plus interest. Dkt. Nos. 13, 17. After the motion was filed, Jaimez submitted a one page letter restating his affirmative defense seeking a discharge of the debt and stating that the government has not provided him with any documents related to the school he attended. Dkt. No. 18 at 1. On December 19, 2013, the Court held a hearing on the summary judgment motion and both parties appeared. Dkt. No. 20. The Court ordered the government to provide Jaimez with a false certification loan discharge application and directed the parties to meet and confer and file a joint status report by March 20, 2013 updating the Court as to the status of the application. *Id.* The Court deferred consideration of the summary judgment motion until review of the parties' joint status report. *Id.* The government timely filed a status report stating that the parties had conferred and that Jaimez had no records to support a false certification loan discharge. Dkt. No. 21 at 1. The government further stated that it had mailed a copy of the status report to Jaimez asking him to add any comments but received no further communication from him. *Id.* On April 17, 2013, the Court held a further case management conference. Dkt. Nos. 22, 23. Jaimez did not file a status report or appear at the case management conference as ordered by the Court. Dkt. No. 23. At the conference, the government represented that Jaimez no longer contests the summary judgment motion. Dkt. No. 23.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345. Dkt. No. 1 at 2:17-18. The parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c). Dkt. Nos. 6, 8.

Case No. 12-cv-02170 NC
ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT

## II. STANDARD OF REVIEW

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c). All reasonable inferences, however, must be drawn in the light most favorable to the nonmoving party. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

## III. DISCUSSION

**A. The United States Has Satisfied Its Burden for Enforcement of the Promissory Note.**

In a suit to enforce a promissory note, the plaintiff is entitled to judgment if it presents "evidence of: 1) the existence of the note; 2) the defendant's default, and 3) the amount due. The burden then shifts to the defendant to prove that the amount due is not owing." *U.S. v. Gray*, No. 11-cv-02988 JCS, 2012 WL 1657112, at *4 (N.D. Cal. May 10, 2012) (internal quotation marks and citation omitted); *see also U.S. v. Freeman*, No. 01-cv-1859 SI, 2002 WL 467688, at *1 (N.D. Cal. Mar. 25, 2002) (holding that the government satisfied its burden on motion for summary judgment through submission of the signed promissory notes and certificates of indebtedness); *U.S. v. Glaude*, No. 99-cv-0182 VRW, 1999 WL

1080680, at *1 (N.D. Cal. Nov. 12, 1999) (holding that the government satisfied its burden by producing a copy of the note, a certificate of indebtedness, and notice of default). Here, the government has produced the required evidence.

A certificate of indebtedness attached to the government's complaint here shows the principal and interest amounts owed by Jaimez as of August 1, 2011. Dkt. No. 1 at 3. In support of its motion for summary judgment, the United States further submitted a declaration from Lynda Faatalale, a loan analyst for the Department of Education authenticating a copy of the direct consolidation loan promissory note executed by Jaimez, a federal direct consolidation loan verification certificate, and several screenshots from an internal accounting program. Dkt. No. 14. The promissory note was executed by Jaimez on March 25, 2002 for consolidation (refinance) of a student loan acquired by Jaimez in 1988. *Id.* 2:6-13, 7. The Faatalale declaration and attached records further show the date when Jaimez defaulted on the loan and the amounts due. The amount of $5,480.67 was disbursed for Jaimez's benefit on April 8, 2002 at the rate of six percent interest per annum. *Id.* at 2:23-27, 11. The government demanded payment from Jaimez and, on May 25, 2003, he defaulted on the loan. *Id.* at 2:28-3:2, 11. The government capitalized and added a total of $100.84 in unpaid interest to the principal balance, resulting in a new principal amount of $5,581.51, and has credited $848.40 in payments to the amount of interest. *Id.* at 3:3-11, 11, 13. As stated in the Faatalale declaration and supporting records, as of December 19, 2012, Jaimez owed principal in the amount of $5,581.51, plus $2,767.86 in interest for a total in the amount of $8,349.37. *Id.* at 3:12-19, 15. In addition to this amount, as of the date of this order, Jaimez owes $178 in interest, *see id.*, for a new total amount of $8,527.37 in principal and interest. The Court, therefore, finds that the United States has satisfied its burden on the motion for summary judgment by providing evidence of the promissory note, Jaimez's default, and the amount due.

//

Case No. 12-cv-02170 NC
ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT

4

**B. Jaimez Has Not Produced Evidence to Rebut the Government's Showing.**

Because the government has satisfied its burden for enforcement of the promissory note, the burden shifts to Jaimez to prove that he does not owe the amount due. *Gray*, 2012 WL 1657112, at *4. While Jaimez, at least initially, indicated that he opposed the government's motion for summary judgment, *see* Dkt. No. 18, he has not submitted any evidence to rebut the government's showing that he owes the debt. Instead, Jaimez's opposition rests entirely on his assertion that he qualifies for a discharge of his loan. Dkt. No. 18. However, Jaimez has failed to set forth any facts or provide any support for his claim that he is entitled to a loan discharge, despite the multiple opportunities provided by the Court. *See* Dkt. Nos. 20-23. Accordingly, the Court finds that there are no genuine issues of material fact and the government is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons the Court GRANTS the government's motion for summary judgment. As of the date of this order, Jaimez owes the government $8,527.37 in principal and interest.

IT IS SO ORDERED.

Date:  July 1, 2013

Nathanael M. Cousins
United States Magistrate Judge